JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SA CV 21-00968-DOC-(JDEx)                              Date: July 20, 2021

Title: DONNA MAY v. WALT DISNEY PARKS AND RESORTS U.S., INC., et al

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**   **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [10]**

Before the Court is Plaintiff Donna May's ("Plaintiff") Motion to Remand ("Motion" or "Mot.") (Dkt. 10). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. After reviewing the papers, the Court **GRANTS** Plaintiff's Motion.

## I.   Background

### A.   Facts

Plaintiff has been an employee in food and beverage locations at Walt Disney Parks and Resorts' U.S., Inc. ("WDPR" or "Defendants") Disneyland Resort since 1989. Complaint ("Compl") (Submitted with Notice of Removal as Attachment 3) (Dkt. 1) ¶ 11. Plaintiff's exclusive bargaining representative with WDRP all times relevant to this action was her union, Workers United Local 50 (the "Union"). Opp'n at 1. The Collective Bargaining Agreement ("CBA") between Defendant and the Union was the "Agreement on Wage Scale and Working Conditions." *Id.* at 2. This was the exclusive contract governing the terms and conditions of Plaintiff's employment with Defendant. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SA CV 21-00968-DOC-JDE                                                                 Date: July 20, 2021
                                                                                                                              Page 2

Plaintiff has a documented shellfish allergy disability that requires work restrictions to avoid exposure. Compl. ¶¶ 12, 14. Plaintiff is currently an Assistant Receiver. *Id.* ¶ 11. Prior to July 14, 2019, she was a Receiver and sometimes Lead Receiver at a higher pay rate. *Id.* Plaintiff's working conditions began changing in 2017 when she was moved to different locations and assigned different shifts due to her shellfish allergy. *Id.* ¶¶ 16-17, 22. Between 2017 and 2019, Defendants denied several requests by Plaintiff for cross-training to become a Lead Receiver at other Disneyland Resort food and beverage locations that did not serve shellfish. *Id.* ¶¶ 18-21, 23-24, 33-34. Plaintiff also complained to Defendants about her changing working conditions and certain managers whom she alleges were discriminating against her. *Id.* ¶¶ 22, 27, 29, 30, 34. In October 2018, Defendants agreed to pay Plaintiff as a Lead Receiver when she was working lower-paying shifts. Id. ¶ 32. However, in June 2019, Defendants gave Plaintiff a choice between a conditional, reduced work schedule or a demotion to Assistant Receiver at a lower pay rate. *Id.* ¶ 41. Plaintiff chose demotion, fearing the conditions of her reduced work option would lead to termination. *Id.* Defendants denied Plaintiff's subsequent requests to be reclassified as a Receiver. *Id.* ¶¶ 43-45

Plaintiff filed an administrative complaint against Defendants with the California Department of Fair Employment and Housing ("DFEH") and received a right to sue letter on May 14, 2020 and an amended right to sue letter on May 20, 2020. *Id.* ¶ 46. Plaintiff then brought her suit in state court alleging disability-related violations of the Fair Employment and Housing Act ("FEHA") and the California Family Rights Act ("CFRA"), all state law claims. *See* Mot. at 7. Plaintiff did not reference her Union or the Collective Bargaining Agreement in her Complaint. *See generally* Compl. Defendants deposed Plaintiff on April 28, 2021. Defendant's Opposition ("Opp'n) (Dkt. 17) at 2. Plaintiff's testimony touched on her allegations related to job classification, shifts, work locations, cross-training, and demotion and whether and how those topics are related to or governed by rules in her Union's Collective Bargaining Agreement ("CBA"). *Id.* at 2-3. During her testimony, Plaintiff stated that "the company follows the rules of cross-training and re-statusing … based off of our seniority." *Id.* at 3. Following the deposition, Defendants removed the case to federal court on the contention that all of Plaintiff's claims require interpretation of the CBA and are therefore preempted by Section 301 of the federal Labor Management Relations Act ("LMRA"). Opp'n at 1.

Plaintiff is a resident of California. Compl. ¶ 2. Defendants do in business in the County of Orange, State of California, and the alleged liability arises therein. *Id.* ¶ 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-00968-DOC-JDE								Date: July 20, 2021
																Page 3

### B. Procedural History

On May 29, 2020, Plaintiff filed a civil action against Defendants in the Superior Court of California, County of Orange. Notice of Removal (Dkt. 1). Defendants removed the case to this Court on May 28, 2021. *See generally id.* On June 14, 2021, Plaintiff moved to remand Defendants' removal back to state court. Mot. at 1. On July 2, 2021, Defendants opposed Plaintiff's motion to remand. *See generally* Opp'n. On July 12, 2021, Plaintiff replied to Defendants' opposition. Reply (Dkt. 19).

## II. Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

A federal court has diversity jurisdiction if: (1) the controversy is between "citizens of different States," and (2) the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity, meaning that no plaintiff can be from the same state as a defendant. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006). Thus, a case ordinarily cannot be removed to the federal court if a plaintiff and a defendant are citizens of the same state. *See* 28 U.S.C. § 1332(a).

Congress has authorized the federal district courts to exercise original subject matter jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This provision is usually invoked when plaintiffs plead a cause of action created by federal law. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 312 (2005). However, there is a "special" and "small" category of cases in which federal-question jurisdiction will lie over state-law claims that implicate significant federal issues. *See id*. A state-law claim "arises under" federal law only if it "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id*. at 314.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-00968-DOC-JDE                                                                 Date: July 20, 2021
                                                                                                                         Page 4

In other words, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

A federal court may order remand for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

### III. Discussion

Plaintiff moves to remand to state court on the grounds that her FEHA and CFRA claims arise exclusively under California state law. *See* Mot. at 7. She argues that the well-pleaded complaint rule prevents removal to federal court because she did not allege federal claims in her complaint. Mot at 11-12. Defendants contend that Plaintiff's allegations and the conditions of employment she seeks are governed exclusively by the CBA. Opp'n at 1. As a result, Defendants argue that Plaintiff's causes of action will require interpretation of the CBA and are thus preempted by Section 301 of the federal Labor Management Relations Act ("LMRA"). *Id.* Defendants further argue that the complete preemption doctrine applies as an exception to the well-pleaded complaint rule. Opp'n at 6. Plaintiff maintains that the violations she alleges do not require interpretation of the CBA, and that the CBA at issue is merely a possible defense of Defendant's. Mot. at. 7.

In determining whether a federal district court has "arising under" original jurisdiction over a claim, we must keep in mind "the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts": the well-pleaded complaint rule. *California Shock Trauma Air Rescue v. State Compen. Ins. Fund*, 636 F.3d 538, 541 (9th Cir. 2011).  "Under the well-pleaded complaint rule, the Court must determine whether "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Id*. Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint*."* *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

However, the "complete pre-emption doctrine" is an exception to the well-pleaded complaint rule. *Id.* at 392-93. The U.S. Supreme Court has identified two specific types of state law claims which are completely preempted by Section 301 of the LMRA even when not plainly stated in a Plaintiff's complaint: 1) those that are "founded directly on rights created by collective-bargaining agreements" and 2) those that are "substantially

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-00968-DOC-JDE                                          Date: July 20, 2021
                                                                                                         Page 5

dependent on analysis of a collective-bargaining agreement." *Id.* at 394. Nonetheless, the mere need to reference the terms of the CBA or the possibility that it will be relevant in resolving a state law claim is not sufficient to preempt a state law claim. *Humble v. Boeing*, 305 F.3d 1004, 1007, 1011 (9th Cir. 2002). Moreover, "defensive reliance on the terms of the CBA … will not suffice." *Id.* at 1011.

      Here, Plaintiff's complaint does not present an essential question of federal law. Defendant does not, and indeed cannot, dispute that Plaintiff did not plead any federal causes of action. *See generally* Compl.; Removal Notice; Opp'n. As Plaintiff acknowledges, allegations of state law violations requiring substantial interpretation of a CBA would be preempted by the federal LMRA. Mot. at 12-14. However, Defendant fails to show that substantial interpretation of the CBA is required. For example, as in *Humble*, where the Ninth Circuit rejected arguments that CBA seniority provisions would require interpretation to determine reasonable disability accommodations provided by state law, here, referencing the seniority provisions of Plaintiff's CBA does not require interpretation to determine the merits of her disability-based state law claims. *See* Opp'n at 6-7; *Humble*, 305 F.3d at 1011. Further, unlike *Sullivan*, a case on which Defendant relies, our Plaintiff here does not claim any deprivation of due process or other direct violation under the CBA. *See* Opp'n at 5; *Sullivan v. Aramark Unif. & Career Apparel, Inc.*, No. C11-02973 HRL, 2011 WL 3360006, at *4-6 (N.D. Cal. Aug. 3, 2011); *see generally* Compl. Additionally, Defendant's contention that the CBA requires interpretation because it allowed Defendant "discretion" or "options" regarding certain actions with Plaintiff is unlike *McGowen*, where the Plaintiff's complaint inhered questions of whether the employer defendant *violated* the CBA. *See* Opp'n at 2; *McGowan v. Nestle Food Co.*, No. 1:06CV01212AWIDLB, 2007 WL 173768, at *5 (E.D. Cal. 2007). Rather, the Court agrees with Plaintiff that she alleged Defendant violated her free-standing, state statutory FEHA and CFRA rights because of her disability. *See* Mot. at 16. Again, mere consultation of the CBA, speculation of its relevance, or affirmative defenses relying on it do not suffice to pre-empt state-law claims. *Humble*, 305 F.3d at 1011.

      Accordingly, this Court lacks subject matter jurisdiction to hear the case.

### IV.    Costs and Fees

      Following remand of a case upon unsuccessful removal, the district court may, in its discretion, award attorney's fees "incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-00968-DOC-JDE                                       Date: July 20, 2021
                                                                      Page 6

removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Despite our ultimate holding, Defendant appears to have objectively reasonable bases for contending that Plaintiff's claims were "substantially dependent" on the CBA; the distinction between "interpretation" and "consultation" or "reference" to the CBA is not exacting. While the Court is bound by the well-pleaded complaint rule and must remand, the Court declines to award attorney's fees in this instance.

### V.     Disposition

Given that the well-pleaded complaint rule bars removal to federal court, the Court hereby **GRANTS** Plaintiff's Motion to Remand.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                           Initials of Deputy Clerk: kd

CIVIL-GEN